**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00151-CR**
_____

**BRITTNEY J. CORMIER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-16208**

**MEMORANDUM OPINION**

In this appeal, the appellant's court-appointed appellate counsel submitted a brief in which counsel contends that no arguable grounds can be advanced in Brittney J. Cormier's appeal from her conviction for burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02 (West 2011). Based on our review of the record, we agree that no arguable issues exist to support Cormier's appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

1

In carrying out a plea bargain agreement, Cormier pled guilty to burglary of a habitation, a second degree felony. *See* Tex. Penal Code Ann. § 30.02(a)(3), (c)(2). Under the terms of Cormier's plea agreement, the trial court deferred the adjudication of Cormier's guilt, placed Cormier on community supervision for seven years, and assessed a fine of $750.00. Approximately one year later, the State filed a motion asking the trial court to revoke its decision placing Cormier on community supervision. During the hearing on the State's motion, Cormier pled "true" to violating one of the terms of the trial court's community supervision order. The trial court granted the State's motion to revoke and sentenced Cormier to five years in prison.

On appeal, Cormier's counsel filed a brief presenting counsel's professional evaluation of the record; in the brief, Cormier's counsel concludes that Cormier's appeal is frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Cormier to file a *pro se* brief; however, she did not file a response.

After reviewing the appellate record and the *Anders* brief filed by Cormier's counsel, we agree with counsel's conclusion that any appeal would be frivolous. Consequently, we need not order the appointment of new counsel to re-brief

2

Cormier's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on October 1, 2014
Opinion Delivered October 8, 2014
Do Not Publish

Before Kreger, Horton, and Johnson JJ.

---

[1]Cormier may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.